IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–39–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| CHARLES EDWARD LINTON, | |
| Defendant. | |

On July 31, 2023, Defendant Charles Edward Linton filed a motion to reduce his 48-month federal sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 58.) His projected release date is June 5, 2025. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed November 28, 2023). On August 2, 2023, counsel was appointed to represent Linton. (Doc. 59.) Appointed counsel filed an amended motion on September 28, 2023. (Doc. 61.) The government opposes the motion. (Doc. 64.)

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling

1

reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).  The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community."  U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Mr. Linton argues that a reduction in his sentence is warranted due to his documented chronic medical conditions and his diminished ability to provide self-care for illnesses from which he is not expected to recover.  (Doc. 62 at 11.)  Mr. Linton further argues that "his age and deteriorating medical health demonstrate extraordinary and compelling reasons to reduce his sentence."  (*Id.*)  For the reasons discussed below, the Court denies the motion.

I. **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text.  *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

2

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). On May 18, 2022, the warden of FCI Sheridan received Mr. Linton's request for sentence reduction. (Doc. 62-1 at 1.) The warden denied Mr. Linton's request on July 15, 2022, for failure to provide adequate information or documentation in support of compassionate release. (*Id.* at 2.) Thus, it would appear that Mr. Linton has exhausted his administrative remedies.

## II. Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023). Additionally, an extraordinary and compelling reason exists where the defendant presents the following circumstances—

 (i)  the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

 (ii)  due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

 (iii)  such risk cannot be adequately mitigated in a timely manner.

*Id.* § 1B.13(b)(1)(D).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Mr. Linton argues that his health conditions and high susceptibility to severe complications from COVID satisfy the extraordinary and compelling circumstances test. (Doc. 62 at 11–15.) Mr. Linton also highlights that he has been assaulted at FCI Sheridan, and that his personal safety continues to be at risk. (*Id.*) The United States counters that "[Mr. Linton's] medical conditions are being addressed by BOP, he refused the COVID-19 vaccine, and he has had disciplinary issues while incarcerated," and therefore, an "early release would flout the goals of sentencing" under § 3553(a). (Doc. 64 at 1–2.)

The Court find that Mr. Linton has not demonstrated extraordinary and

compelling circumstances that warrant an early release. While Mr. Linton undoubtedly has serious medical issues, the record indicates that FCI Sheridan has provided Mr. Linton with adequate medical treatment. Mr. Linton has also refused to accept a COVID-19 vaccine, negating his argument that his risk of contracting the virus amounts to extraordinary and compelling circumstances.

### III. Section 3553(a) Factors

The Court must address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

On September 23, 2021, Mr. Linton was sentenced in this matter to a custodial sentence of 48 months to be followed by 3 years of supervised release after pleading guilty to one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 52.) The

Court ordered that the sentence run concurrently with any sentence imposed in Montana Seventh Judicial District Court Case Number DC-15-099. (*Id.* at 2.)

The offense conduct in this case involved Mr. Linton possessing a revolver with an obliterated serial number. (Doc. 54 at 5.) Mr. Linton has prior felony convictions, making it unlawful for him to possess a firearm or ammunition. In fact, Mr. Linton was on felony supervision at the time of his arrest for a 2017 felony DUI and a criminal possession of dangerous drugs conviction. (*Id.* at 5.)

Mr. Linton's total criminal history score was 10 at the time of sentencing, placing him in criminal history category V. (*Id.* at 10.) His total offense level was 19, which included two four-level upward adjustments: one for possessing a firearm with an obliterated serial number, and one for using the firearm in connection with another felony offense. (*Id.* at 6.) Accordingly, Mr. Linton's guideline range was 63 to 78 months. (*Id.* at 16.) The Court departed downward from the advisory guideline range. (Doc. 53 at 2.) The minute entry from the sentencing proceeding notes that the Court reviewed the §3553(a) factors at the time of sentencing; therefore, the Court need not address them in full again. (Doc. 51.)

The Court finds Mr. Linton's extensive criminal history, which includes multiple convictions for violent offenses, very concerning. The Court believes that Mr. Linton continues to present a danger to the community. Mr. Linton has

approximately 18 months remaining on his custodial sentence. Completion of the sentence imposed will best serve the aims of sentencing under § 3553(a), especially the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public.

## CONCLUSION

Mr. Linton has not demonstrated an extraordinary and compelling reason to warrant a reduction of his custodial sentence. The § 3553(a) factors support denial of Mr. Linton's request.

Accordingly, IT IS ORDERED that the defendant's motion to reduce sentence (Docs. 61) is DENIED.

DATED this 29th day of November, 2023.

_____
Dana L. Christensen, District Judge
United States District Court