IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 20-39-BLG-DLC |
| Plaintiff, | |
| vs. | ORDER |
| CHARLES EDWARD LINTON, | |
| Defendant. | |

This matter was originally before the Court on a handwritten "Motion for Constitutional Challenge" filed Defendant Charles Edward Linton ("Linton"). (Doc. 67.) Linton did not characterize his request as a filing for relief pursuant to 28 U.S.C. § 2255, however, the Court entered an order of its intent to do so and allowed Linton the opportunity to file an amended motion in which he could present all of his claims, including his constitutional challenges. (Doc. 68.) On February 6, 2024, Linton filed his amended motion under § 2255. (Doc. 72.)

I.      **Motion to Appoint Counsel**

Linton requests the Court appoint counsel to represent him in these proceedings. (Doc. 73.) There is no constitutional right to appointment of counsel in habeas proceedings. *Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). Linton does, however, possess a statutory or rule-based ground for obtaining counsel in

1

certain situations. District courts may "appoint counsel for an applicant who is or becomes financially unable to afford counsel." 28 U.S.C. § 2254(h); accord 28 U.S.C. § 2255. Appointment of counsel is governed by the Criminal Justice Act, 18 U.S.C. § 3006A, and Rule 6 and 8 of the Rules Governing Section 2254 Cases and the Rules Governing Section 2255 Proceedings. 28 U.S.C. § 2254(h); 28 U.S.C. § 2255.

District courts have the discretion to order the appointment of counsel for a financially eligible individual who is seeking relief under 28 U.S.C. § 2255, at any stage of the case when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); Rule 8(c) of the Rules Governing Section 2254 Cases and the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. §§ 2254 & 2255; *see Weygandt v. Look*, 718 F. 2d 952, 954 (9th Cir. 1983). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt*, 718 F. 2d at 954.

Additionally, appointment of counsel to assist financially eligible, non-capital habeas corpus petitioners and section 2255 movants is required in at least two situations: (1) when the court determines that counsel is "necessary for effective utilization of discovery procedures"; and (2) when the court determines

that "an evidentiary hearing is required."  Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases and Rules Governing Section 2255 Proceedings. 28 U.S.C. foll. §§ 2254 & 2255; *see United Sates v. Duarte-Higareda*, 68 F. 3d 369, 370 (9th Cir. 1995); *Weygandt*, 718 F. 2d at 954.

As explained herein, the record conclusively demonstrates that Linton is not entitled to relief and an evidentiary hearing is not required.  Accordingly, his motion for appointment of counsel will be denied.

**II.     Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review."  *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases).  But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

### III.  Background

On October 8, 2020, while represented by counsel, Linton pled guilty to the indictment, which charged him with the crime of being a felon in possession of a firearm, under 18 U.S.C. §§ 922(g)(1).  *See* Plea Agreement (Doc. 23-1.) As a term of this agreement, Linton agreed to waive his right to challenge his sentence in collateral proceeding pursuant to 28 U.S.C. § 2255, however, he maintained his right to pursue an action alleging ineffective assistance of counsel.  (*Id*. at 7.)  On September 23, 2021, this Court accepted Linton's guilty plea and sentenced him to the Bureau of Prisons for a term of 48 months, followed by a 3-year period of supervised release. *See* Judg. (Doc. 52.)  Linton did not appeal; however, he did file post-judgment motions relating to compassionate release and sentence reduction.  *See e.g.,* (Docs. 58, 61, 62 & 54.)  Those matters were subsequently resolved.  (Doc. 65.)

Linton now argues that § 922(g)(1) violates the Second Amendment as set forth in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022).  (Doc. 72 at 5-6.)  Linton also suggests that his trial counsel provided ineffective assistance for failing to raise this issue, (*id*. at 3-4, 6), and that the Court should consider granting him a reduction in sentence based upon *Bruen* and its progeny and in consideration of Linton's age and health. (*Id*. at 3-4.)  Linton also argues he is entitled to equitable tolling given his limited

access to a law library and legal materials.  (*Id*. at 6-7.)  Linton believes the Court should conduct an evidentiary hearing on these issues.  (*Id*. at 7.)

## IV.  Analysis

The Court has considered Linton's challenges to the validity of his conviction and sentence.  For the reasons explained below, Linton's § 2255 motion will be denied.

### i.  Legal Standard

"A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States […] may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. Timmreck*, 441 U.S. 780, 783 (1979)(*quoting Bowen v. Johnston*, 306 U.S. 19, 27 (1939)).  In contrast, "[e]rrors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255."  *United States v. Wilcox*, 640 F. 2d 970, 973 (9th Cir. 1981).

As a preliminary matter, it appears Linton's filing may be barred by

procedural hurdles, including the statute of limitations and procedural default. But this Court is empowered to bypass a procedural issue in the interest of judicial economy when the claim clearly fails on the merits. *See Flournoy v. Small*, 681 F. 3d 1000, 1004, n. 1 (9th Cir. 2012); *see also Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2001); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)(noting that, in the interest of judicial economy, courts may proceed to the merits in the face of procedural issues).

### ii. Constitutionality of Section 922(g)(1) in wake of *Bruen*

In *Bruen*, the Supreme Court set forth a new test to determine whether a firearm regulation comports with the Second Amendment. *Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387. This framework, "requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id*. at 2131. First, courts ask whether "the Second Amendment's plain text covers an individual's conduct." *Id*. at 2126. If it does not, then the "regulated activity is categorically unprotected"; the regulation is valid and "the analysis can stop there." If the Second Amendment's text covers the conduct at issue, however, the conduct is "presumptively protect[ed]." *Id*. at 2130. Then, courts must ask whether the government has met its burden to "justify its regulation by demonstrating that it is consistent with this Nation's historical tradition of firearm regulation." *Id*. If a firearm regulation is consistent with

historical tradition, "[o]nly then may a court conclude that the individual's conduct falls outside the Second Amendment's [protection]" and the regulation is constitutionally valid. *Id*.

The Ninth Circuit, relying upon *District of Columbia v. Heller*, 554 U.S. 570 (2008), has consistently held that § 922(g)(1) does not violate the Second Amendment. *United States v. Philips*, 827 F. 3d 1171, 1175 (9th Cir. 2016); *Van Der Hule v. Holder*, 759 F. 3d 1043, 1051 (9th Cir. 2014); *United States v. Vongxay,* 594 F. 3d 1111, 1118 (9th Cir. 2010). In *Heller*, the Supreme Court struck down a District of Columbia law banning possession of firearms by homeowners, finding that the Second Amendment protects the individual right to bear arms. *Heller*, 554 U.S. at 595. The Supreme Court noted that the right is not unlimited and that "nothing in the opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" which was "presumptively lawful." *Id*. at 626-27. Subsequently, in *McDonald v. City of Chicago*, the Supreme Court stated that *Heller* "did not cast doubt on such longstanding regulatory measures as "prohibitions on the possession of firearms by felons.'" 561 U.S. 742, 786 (2010)(*quoting Heller*). Notably, in *Heller*, *McDonald*, and *Bruen*, the Supreme Court has characterized the Second Amendment right as belonging to law-abiding citizens.

Linton argues that a Third Circuit case, *Range v. Atty' Gen. U.S. of America*,

7

69 F. 4th 96 (3rd Cir. 2023)(en banc) is conclusive support for his constitutional argument. *See* (Doc. 72 at 5.)  In *Range*, the Third Circuit found Section 922(g)(1) to be unconstitutional as applied to a particular non-violent defendant, namely one that had made a false statement to obtain food stamps. *Id*. at 106.  There, the Court limited its holding, as "narrow" and one that "challenged the constitutionality of 18 U.S.C. § 922(g)(1) only as applied to [the defendant] given his violation of [the applicable state law]." *Id*.  The reasoning of *Range* is inapplicable to Linton's case, as he has been convicted of multiple felonies. *See e.g.,* PSR (Doc. 54 at ¶¶ 32-55.)  But even if the Court were to consider the out-of-circuit decision, the Ninth Circuit has rejected as applied constitutional challenges to § 922(g)(1) by non-violent felons. *See Vongxay*, 594 F. 3d at 1114, 1118.

In short, *Bruen* is not irreconcilable with pre-*Bruen* precedent addressing the constitutionality of § 922(g)(1).  *Bruen* did not overrule the precedential cases discussed herein, and this Court is bound by them. *See e.g., United States v. Yates*, Cause No. 23-cr-00318-AMO-1, 2024 WL 69072, at *2 (N.D. Cal. Jan. 5, 2024)("[E]very district court in the circuit to decide this issue has concluded that *Vongxay* and its progeny are not clearly irreconcilable with *Bruen*.") (collecting cases.)  Other Courts of Appeals have ruled similarly. *See Vincent v. Garland*, 80 F. 4th 1197, 1202 (10th Cir. 2023); *United States v. Jones*, 88 F. 4th 571, 574 (5th Cir. 2023)(per curiam).  In short, Linton has failed to show that prohibiting felons

8

from possessing firearms under § 922(g)(1) is inconsistent with the historical tradition of firearms regulation and/or that it is unconstitutional under *Bruen*. His motion must be denied.

Similarly, because Linton's argument lacks merit, his counsel cannot be found to have provided ineffective assistance for failing to advance a *Bruen* challenge. *See Cooper v. Fitzharris*, 551 F. 2d 1162, 1166 (9th Cir. 1977)(failure to raise meritless argument does not constitute ineffective assistance of counsel); *see also Boag v. Raines*, 769 F. 2d 1341, 1344 (9th Cir. 1985)(same).

### V.     Certificate of Appealability

A movant may appeal a district court's dismissal of a § 2255 motion only after obtaining a certificate of appealability from the district court or the circuit court. 28 U.S.C. § 2253( c)(1)(B). "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of the constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(*citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Under this standard, the Court concludes that Linton is not entitled to a certificate of appealability. No reasonable jurist would find debatable Linton's failure to demonstrate entitlement to relief on the

claims presented in his § 2255 Motion.

Accordingly, IT IS ORDERED:

1. Linton's Motion to Appoint Counsel (Doc. 73) is DENIED.

2. Linton's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 72) is DENIED on the merits, as is his original motion for constitutional challenge (Doc. 67).

3. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Linton files a Notice of Appeal.

4. The clerk shall ensure that all pending motions in this case and in CV 24-18-BLG-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Linton.

DATED this 16th day of April, 2024.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court