IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES EDWARD LINTON,<br><br>Defendant. | CR 20-39-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc 83.)

On September 1, 2026, the Court conducted the final revocation hearing. Defendant admitted all violations except Violation No. 3. The United States moved to dismiss Violation No. 3. As discussed below, it is recommended that Defendant's supervised release be revoked and that the Court sentence Defendant to 6 months imprisonment, with no supervised release to follow.

## I. Background

In 2020, Defendant pled guilty to the offense of prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. 29.) On September 23, 2021, the Court sentenced him to 48 months imprisonment, to be followed by 3 years supervised release. (Doc. 52.)

Defendant began serving his term of supervised release on April 25, 2024.

Subsequently, the United States Probation Office filed three reports of noncompliance, but did not seek revocation. (Docs. 78, 79, 80.)

On August 13, 2026, the United States Probation Office filed the petition now at issue. (Doc. 81.) The petition alleges that Defendant violated three conditions of supervised release, and provides a brief explanation of each violation. *Id*. Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 82.) Defendant was arrested, and made an initial appearance on August 18, 2016. (Doc. 86.)

## II. <u>**Final Revocation Hearing**</u>

The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition except for Violation No. 3, which the Government moved to dismiss. The undersigned accepted the admissions and proceeded to sentencing.

Based on the admitted violations, the undersigned advised Defendant that his violation grade is C, his criminal history category is VI, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 8-14

months incarceration. Defendant could also be sentenced to as much as 36 months supervised release, less any incarceration time imposed. Counsel for the parties agreed with those calculations.

The United States requested a sentence of 6 months incarceration, with no supervised release to follow. Defendant's counsel agreed with the United States' request.

## III. Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 6 months imprisonment, with no supervised release to follow.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant. With respect to these factors, Defendant has a long criminal history and had attained a criminal history category VI by the time he was sentenced on the underlying offense. Defendant has been on supervised release for the current offense for almost two and a half years. His current term is set to expire in April 2027. Until the instant petition, Defendant had not been charged with committing

any other criminal violations, and the criminal violations alleged in the petition have been dismissed.

Defendant's performance on supervision has been compliant at times. But Defendant has had sporadic violations throughout his supervision relating to drug testing requirements, drug and alcohol usage, and his participation in substance abuse treatment. Defendant's current violations involve three missed urinalysis tests and one positive drug test, with an admission of use. Otherwise, Defendant has employable skills and has maintained employment and a residence throughout his supervision.

The undersigned has considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes. Defendant has been given multiple opportunities during his term of supervision. His probation officer elected to submit reports of noncompliance to the Court on three prior occasions, rather than seeking revocation. Those measures were ultimately not successful in bringing Defendant into compliance. Revocation of his supervised release is, therefore, appropriate and necessary to provide deterrence to future criminal conduct.

The undersigned has also considered the need for future educational and correctional treatment. Defendant has received substance abuse treatment during his supervision, and he has been monitored for drug and alcohol usage. Defendant

also possess vocational skills, as demonstrated by his ability to maintain employment. The parties have not proposed any additional correctional treatment or the necessity of any further educational or vocational training. Additionally, Defendant is close to the end of his supervision; his term of supervision is set to expire in approximately eight months. Accordingly, placing Defendant back on supervision following a term of incarceration would not serve any purpose.

In sum, after considering all of these factors, the Court concludes a sentence of incarceration is warranted. But given the limited nature of the violations, and the fact that the admitted violations do not involve new criminal conduct, a sentence of 6 months, with no supervision to follow, is sufficient, but not greater than necessary, to comply with the purposes in 18 U.S.C. 3553(a).

## IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded of the right to object to these Findings and Recommendations within 14 days of their issuance. Defendant was also reminded of the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of supervised release that he participate in substance abuse testing, as alleged in Violation No. 1.

2. Defendant violated the condition of supervised release that he refrain from any unlawful use of a controlled substance, as alleged in Violation No. 2.

Accordingly, **IT IS RECOMMENDED** as follows:

1. That the Court revoke Defendant's supervised release and sentence Defendant to 6 months imprisonment, with no supervised release to follow; and

2. That the government's motion to dismiss Violation No. 3 be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action

on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 1st day of September, 2026.

TIMOTHY J. CAVAN
United States Magistrate Judge